We'll call the case of Mitchell v. The City of Philadelphia et al., Mr. Young. Good afternoon, Your Honors, and may it please the Court. I'm James Young, and I represent Sharon Mitchell and the named plaintiffs, who are Appalese, representing a class of nearly 4,000 City of Philadelphia employees, from whom the City seizes, as a condition of employment, a portion of union dues for the benefit of AFSCME District Council 33. I would respectfully request three minutes for rebuttal. That request will be granted. Thank you, Your Honor. This appeal raises four major issues, but today I would like to focus upon two of them. First, whether a union satisfies the constitutional requirements for the collection of agency fees under Hudson when it fails to provide an individual audit for the nonmember's individual local, instead consolidating the expenses of all locals in the intermediate union's firmament, and in effect providing nonmembers with an average chargeability figure among all the locals. And second, whether District Council 33 satisfied its burden of proof at trial when virtually its entire case was based upon hearsay and other inadmissible evidence, as well as gross generalizations, in lieu of specific proofs of contemporaneous hard data. Turning first to the consolidated audit issue, after seizing agency fees for nearly two years without complying with Hudson's requirements, and more than nine months after this lawsuit was filed, District Council 33 sent out a Hudson notice. Identical notices were distributed to nonunion employees in each of the ten separate city bargaining units, providing one, and only one, auditor's report regarding District Council 33's constituent locals. Even though we made up, at the time, of 14 locals, I believe it's 15 now, four of which do not represent city employees. Only a single audit was produced for all of the locals, one which consolidated the expenditures of all of them, and therefore produced a chargeability figure which was an average of all of the locals, including those not representing city employees. This is no small portion of the fee taken from nonmembers. The total, in fact, the amounts forward to the locals by District Council 33 constitute more than 50 percent of the total fee. What additional information would be gained by the class if there were individual accounting from the constituent locals that you don't already have? The additional information would be an accurate calculation of the fee for the expenses by their locals, Your Honor. How is it now, how is it now not accurate? It's an average of all the locals, so some locals, individuals and locals are entitled to a lower fee, some are entitled to a higher fee. It would be mere happenstance if any particular local's fee was the same as the average. So each nonmember would, in fact, get an accurate, at least initial calculation of their fee. Well, their position is that there's a class here that is best represented by the constituent fee because it encompasses the entire expenditure which is being subtracted. Well, I'm not sure I understand that as their position, Judge Cowen. As I understand their position is, their position essentially seems to be we're permitted to do this because no court has said we can't. And in fact, this court has said twice that nonmembers are entitled to assurance that their fee is accurately calculated. And in fact, with the stipulation on the record, District Counsel 33 concedes that the fees for individual nonmembers are not accurately calculated. And hence, the average chargeability audit among all locals in essence is considered and studied inaccuracy and assurance of only one thing, that the fee is not accurate. But how have you shown that it is inaccurate? They concede that fact, Judge Cowen. They concede that at? They concede it? Yes, Your Honor. It's at Volume 2 of the Joint Appendix, page 185, paragraph, I believe it is 28. Mr. Young, putting aside for a second the punitive damage question, if we agree with the specific CUDSN notices, what does that get your members? Well, it seems... You can't get more, you can't get any more nominal damages? Well, it would provide that the union would, the union would be forced to produce accurate audits for the period at issue. And I'm sure you can tell from the record in the case number below, this case is older than one of my sons, and nearly 10 years old at this point. So for the years at issue... Have you asked for prospective equitable relief? We've asked for a non-protunct injunction to go back to the time when the district court should have entered the injunction that we requested. The, you know, nominal damages, I think the district court denied nominal damages calculated for each year, for each collection. And I think probably that under Cummings from the Ninth Circuit, that's, we still probably can't get more than a dollar. But yes, if we can't get more than nominal damages, the union would have to go back and do what it should have done in the first place. Or, and this is a choice available to the union, it could surrender the fees. But unfortunately, the length of this case and the errors, serious errors made by the district court make relief a tough nut to crack. But I think, you know, obviously that's a question for the district court in the first instance, as the Supreme Court observed in Hudson. But at a minimum, these individual members, non-members from individual bargaining units, the union would have to go back and produce 10 audits for the years at issue. Now, burdensome. I'm not sure that's an appropriate consideration. But they've got the same accountant. He testified at trial. It's the same, Mr. Safdar has been around for a long time. So this imprecision cannot be permitted under Hohen Auto. And with that, I would, unless the court has another question on that particular issue, I'd like to turn to the issue of the court in this case, where it's decisions to chart its own course and validate most of the union's chargeability claims on little more than gross generalizations and admissible hearsay evidence. We believe the record demonstrates that this was evidence which was not only largely admissible, but also clearly insufficient under the cases where these questions have been tried before. Most particularly, Leonard versus Ferris Faculty Association, which was a trial of similar duration to the trial below, 12 days. And Beck, Communication Workers versus Beck, which is in a related area, a question under the National Labor Relations Act. At the outset, it's important to note that the Hudson notices issued by District Council 33 are not adequate evidences to chargeability. This was recognized by this court, I believe, in its decision in Auto. It was also recognized by courts such as the District of Massachusetts in Sheraton. Excuse me, Sheraton. The Fourth Circuit agreed in DeShiel. And the Sixth Circuit noted that the amount of financial disclosure a union must provide to a non-member to enable her to decide whether or not to object, of course, is not necessarily sufficient to determine the propriety of the agency fee. It's, in fact, a summary report. And a union has to provide hard data to demonstrate. I think the best way to illustrate this is to consider the manner that a non-member has to proceed. Of course, the Supreme Court has about a half a dozen times held that a union bears the burden of proof. Put simply, in the absence of any evidence one way or the other, any expenditure is presumptively non-chargeable. Is your argument that the District Court got it wrong because it didn't, it allocated proof wrongly or they just didn't apply the burden of proof correctly? Well, initially the District Court did allocate the proof wrongly, Judge Chigueras. I think that's abundantly clear from the record. And to Judge Tucker's credit, she corrected that error. I think that was the first motion for reconsideration I've ever had to file and I give her credit for it. But the problem is that she didn't strictly apply the rules of evidence. And it's abundantly unclear to me from the record how she let in some of these documents. For instance, the hearsay, the reports prepared by Vernon Person, which were clearly constituted hearsay evidence. They were clearly not business records in any meaningful sense of the term. I mean, ironically, the Clark versus Los Angeles case cited by the union in its briefs makes it clear that these documents wouldn't have been admitted under that authority. They weren't contemporaneous. They weren't a regularly conducted business activity. This union is in the business of representing employees and presumably some politics. I think they'd probably have to concede that. Their business is not preparing reports regarding the allocation of chargeable versus non-chargeable activities. Those are documents clearly, clearly prepared in anticipation of this litigation. And therefore, they do not qualify under the business records exception. Nevertheless, they were admitted. The only contemporaneous hard data of activities by union employees and officers were planning members couldn't meaningfully cross-examine employees about their activities. I mean, even throwing away the time period between the activities and trial, non-members couldn't look at a report which said that the union president, Mr. Matthews, spent July 15, 1997 either negotiating a collective bargaining agreement or attending a parade or attending a rally for whatever political cause you want to name. And these are clear on the record as well. If you read the transcripts, in answer to questions, what did you do on this date? I don't know. And when you go back to look at Mr. Person's testimony, the guy who calculated the fee, what did you ask them about what they did on any particular day? Oh, I didn't ask them about that. We're not writing on a clean slate here, though. What about the Hohe case? H-O-H-E? Oh, actually, it's Mary Hohe. Yes, yes, Judge Jones. I mean, didn't we basically say there's no real requirement of contemporaneous timesheets or anything like that? Not for the initial calculation. I'm sorry, Judge Jones. Go ahead. Not for the initial calculation of the fee. But if the union wants to prove it, that's why the initial calculation is not admissible in proving chargeability. The union can make estimates if it wants it initially calculating the fee, maybe because of the ordinary course of business. But if the union wants to prove chargeability, it has to provide hard data. Again, we get back to the question, how does a nonmember challenge the fee if he can't look at a record and say, let's just analogize it to attorney timesheets. If I submit a fee petition in this case, and I put that I was on trial on August 4, 2008, well, this panel could look at the record and say, wait a minute, there wasn't a day of trial in this case on August 8. And you could ask Young about that, or Mr. Spear could ask Young about that at a hearing, if a hearing were conducted on that. But how do I, as a representative of my clients, go before a court and ask Mr. Matthews about his activities in October 1996, whether he was negotiating a collective bargaining agreement or at a rally that was conducted in the presidential re-election, when there's nothing, utterly nothing, other than his gross generalization about what he's been doing? I've gone well over in answering your question, Judge Guguerres. I reserve the balance of my time. Mr. Spear? Thank you, Your Honor. Your Honor, my name is Samuel Spear. I represent District Counsel 33 in this case. I think I need to make only three points, the first two of which are related. The first is Mr. Young's comment, which surprised me, that we've conceded that we made a mistake with regard to the locals' calculations. And what the, not the concession, what the stipulation was, which is on page 185 of the record, is not that the calculations for each local are wrong, calculations are wrong, but that they are different than the overall percentage that is arrived at. And there, that's the first point. So, we think the methodology was right, and that leads me to my second point. The second point is, why do we do it this way? And why have we done it this way since 1989? Well, there's a very specific reason which makes this case different than I think some of the cases that Mr. Young has relied on, and that is this. District Counsel 33 is the exclusive collective bargaining agent of the, of his clients who are members of all 10 locals. Each of, none of the 10 locals are the exclusive bargaining representative of any of the employees in the class. District Counsel 33 is the union that represents this class. It is the union that negotiates a, negotiates a single collective bargaining agreement with the City of Philadelphia. And so, therefore, it was thought, no doubt, in 1989, and has been deemed reasonable ever since then, that, well, it seems reasonable and fair for everybody to charge everybody who's in the unit the same percentage, because it's District Counsel 33 in a unified unit. But you have four locals, which are not the, yes, represented the, yes, the city employees. That's true. And, and, and you're, you're, according to Mr. Young, you're averaging the cost overall by the District Counsel for representing people that have nothing to do with the, these employees. Yes. It's not, it's not really an average, Your Honor. What it is actually is a total. It is a real aggregation, because what it is, if you look at the notices, you'll see that each of the costs are actually there, and you have the amounts, and they add them up, and this is the total local cost of what all of the locals have spent with regard to chargeable and non-chargeable activities. So it's not really an average, and the reason for that is, one of your honors, I forget which one, asked, well, what are your damages, or what's the harm if we recalculated 14 different ways rather than one different way? And, and the answer to that is, well, we don't know, because if we did the calculation, because there are different amounts of, of non, non-union members in each local, that it may well be that they end up owing us money rather than the other way around. Well, he, that's fine with him, but he wants to be charged only with the locals that represent his, that are bargaining and representing for his, his employees. Right, and, and there is no rule of law, and there is no concept in the cases that would require that, whereas here we have the union that is charging the fee is District Council 33, that is the union that represents all of the employees in a single bargaining unit. It potentially could be different if we had 10 different bargaining units, but we don't in this case. As to the locals, and as to the bargaining, what do the locals do in, as it relates to the bargaining with, on the city contract? They, they have representatives who sit on the Council's Executive Board, so that the Executive Board is the negotiating body, so each local has two representatives on the Executive Board. That's what they do with regard to negotiations per se. What they also do during the three or four years that the contract lasts is they undertake the day-to-day responsibilities of representing people in arbitrations or Civil Service Commission hearings or grievances. And it's, it's a lot of that conduct for which the employees who are non-members are charged, is it not? They are charged for that, absolutely. Yes, okay. That is what they are charged for, and that's why the calculation. So the fact that they may not, the locals may not carry on the negotiations of the contract whenever the contract comes up for renewal, doesn't lessen their importance as it relates to this fee issue? They're very important. That's why we make a separate calculation for them. But isn't that why they're also asking, we want to know the specifics of what they do and we need to get a breakdown as opposed to an aggregation? I guess, Your Honor, but on the other hand, I'm sure if we did it the other way, then we would, that we would be met with, with a different kind of objection. Because if we do, if we break it down and each, each individual person has to pay a different rate depending on what his or her local is, some of them would say, you know what, we're paying too much because you should average it out and, and we would then get the lower rate. It's like assessing properties. Everybody is opposed to the way they do it until you do it some other way and they have to pay more. So that's right. And so I think what Abood and Hudson and all of the cases say is, you know, there has to be some way you have to decide which way you're going to do it. And that's why it's called a fair share fee, I guess, because you try to be fair, you try to be reasonable. And as Abood and Hudson and all of the cases have said, exact precision is not required or expected and it can't be done sometimes. And so given that this is a unified, except for the four locals, which I'll get to in a minute, Judge Gowen, given that it's mainly a unified bargaining unit structure, this is the best way to do it. With regard to the four locals, I can just say it is part of the record. It's not probably discernible from the reproduced record. But yesterday when preparing for the argument, I, I did a quick calculation and the locals who don't represent city employees make up only about 3% of the whole local's expense. So you know, if we took them out, and I don't think we should take them out, you might have a little shift of 3% maybe, but it would end up being about 2% or even less. Why wouldn't you take them out? Why wouldn't we? Right. Frankly, because there are literally about three or four, there's so little, and there are only about three or four fair share payers who are in those locals, it really doesn't make any difference. But when you're talking about the minimus, basically, as I hear the argument, that this is not an accurate, you're really not getting, the people that are not in the union are not getting an accurate, absolute refund, or whatever you want to call it. They're getting an aggregate, and your position is there may be a few bucks one way or the other, but whatever it is, it's the minimus. Your Honor, well, what I'm saying, Your Honor, is it could be done. It wouldn't be difficult to do. It would be silly, probably, because ultimately their damages likely are to be zero if we take out the four locals, because they're the smallest locals. In the burden of proof argument that Mr. Young made, as part of that burden of proof argument, there was an objection made, in fact, there was a general objection made, but one of the issues is whether or not the amount that the individual members were charged for AFSCMEs, the umbrella fees, were proven. It appears to me that the evidence that was presented went more to process as opposed to substance. How can we infer from that process testimony the substance of the real issue? I will tell you, Your Honor. We had to prove three levels of expenditures in the case. With regard to the international, we produced the evidence of the person at AFSCME International who was basically in charge of performing the Hudson calculation every year. He testified about what the process was, that they take six months and this many man hours and all of that kind of stuff, but what he did was there were two exhibits introduced for the two years in question, which are essentially the Hudson calculation itself, and he explained how he got to that, and you'll recall, I think, from the briefs that there are a number of people at the international, the field representatives that do keep time records, contemporaneous time records. He talked about how we put all that into the equation. He talked about how we put all of the other information into the equation, and then he said, and here is our Hudson calculation, which was a book, and I moved its admission because it was an 8035 record. It was a record of regularly conducted business activity, and it was admitted on that basis. So, substantively, in addition to Mr. Ballew's testimony about this is how we do it, this is what the people do in their day-to-day activities, we now have all the figures which support what he was saying, and that's all substantive evidence under Rule 8035. It was admitted on that basis. Similarly, much of Mr. Persons' evidence and his working papers, which, by the way, I mean, you don't have it, luckily, before you, but it's in boxes like this. It's an awful lot of documents, and so to go through each document, which at the beginning of the case we were actually sort of forced to do because of this hanging evidentiary issue that was still there, dangling evidentiary issue. Ultimately, much of his evidence was introduced under Rule 8035, past recollection recorded, because he testified, this is how I did my process. I talked to each individual officer and asked them what they did. It was based on their planners, it was based on various other documents that I was able to get, and I asked him if he did it, and he said he had or he said he didn't sometimes, and it would be non-chargeable, and that's the process that we went through. We introduced the testimony of a number of those officers and then stipulated to the testimony of the other ones who we didn't produce that we would have if we had to because we could have produced tons of people. I mean, that's the problem with this case, and that's precisely what the rules of evidence are designed to address. When you have this kind of case where you have to prove the activities of 500 different people, how are we going to do it so that the courts just don't deal with that one case for the rest of their life? So it was done through the means of 8035 and 8036 of the rules of evidence, and it was all objected to. There were full colloquies and arguments before the court, and the court admitted those documents and that testimony under those rules, and it all constitutes substantive evidence of what it purports to represent, namely that I spent this much time doing this activity, and that's how it was done. Okay. All right. I think those are my three points, Your Honor. Again, I just keep in mind in deciding this case, like all of these fair share cases, the Supreme Court's admonition that absolute precision can't be expected or required, but you have to be as accurate as you possibly can be. And through 12 days of testimony before the court, there were no prejudicial denials of Mr. Young's right to present any kind of evidence at all. The burden of proof issue is a moot or an irrelevant issue because I had the burden of proof, and so I had to carry it, and I think I did, and the district court agreed, and I think that was right. But for 12 days, I put on evidence, so I had the burden of proof. All right. Mr. Sperry, thank you. We're going to hear from Ms. Ewing for two minutes. Thank you, Your Honor. May it please the Court, Eleanor Ewing representing the City of Philadelphia and the individual city defendants. The only role of the city with respect to these fair share fees is that under the collective bargaining agreement, it must, and also state law, it must deduct what the union tells it to deduct, and that was done in this case. We are also subject to an indemnification agreement with the union of the type that was approved in Hove v. Casey. So basically, I just reserved a moment in case the panel had any questions with respect to the city or the city defendants. I don't think we do. We thank you for being here. Thank you. All right. And Mr. Young on rebuttal. Thank you, Your Honor. Apologize, it's a little scattershot, but that's the nature of rebuttal, I guess. Let me address first the issue of the stipulation. Joint Appendix, page 185. As a result, second sentence, while each local's individual chargeable percentage is almost always different, it would be a mere happenstance if one local's chargeable percentage were to be equal to another's in any particular year. District Council 33 charges all non-member city employees an identical chargeable percentage for the local portion of the fee. Inaccuracy is stipulated too. Second, let me address the question of Mr. Person's records as either summaries or summaries of contemporaneous records. It is abundantly clear on this record that Mr. Person's interviews were conducted months, sometimes years, after the activities in question, and that Mr. Person himself conceded on the record that he very rarely asked any employee about individual activities on individual days. He would ask generalizations. How much time did you spend negotiating? Oh, 90 percent of my time. Things like that. When he had specific evidence, for example, seminars or conventions, he would ask about those. But about general activities on a day-to-day basis, there is no evidentiary record in this case. No contemporaneous hard data within the meaning of the trial court, Judge Enslin's decision in Leonard. And it is the same as to the International. The International's proof, incidentally, is not objected to merely because it's a failure of adequate record keeping, but rather that defendants offered no testimony that the activities of the International might ultimately inure to the benefit of the non-members of City of Philadelphia employees. And the District Court was a little disingenuous in its discussion on this, suggesting that we ask for direct proof. We suggest there are two ways you can prove affiliate chargeability, either proof of direct benefit or the Leonard Standard. Obviously, the union obligation, they didn't provide any direct evidence of direct benefit, so they had to rely on the Leonard Standard. Judge Fischer, I want to go back to a question you asked earlier because I'm not satisfied with my answer. You asked what would my clients get if local separate audits were required. Well, they get an accurate calculation of their fee. Some would get refunds. And let us remember that this Court in auto said that local audits had to be provided. And that is abundantly clear from that decision. This Court would be going beyond its power, this three-judge panel would be going beyond its power, frankly, if it derogated from that. In this case, the practice of District Counsel 33 and its locals violates Hoh, it violates auto. Applying Hudson, which is specific, the bottom line is that while the Supreme Court's precision could not be required, that does not become a license for studied imprecision, which is what is occurring in this case. And I see that my time has expired. Unless the Court has any other questions, I thank you for your attention. Thank you. We thank both counsel or all counsel. The matter was very well argued and briefed and we will take the matter under discussion.